United States District Court
Northern District of Illinois
Eastern Division

**RECEIVED**

JUL 17 2017 CN

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Robert Cavette

CASE NO _____
To Be supplied by ~~Judge~~ clerk of the Court

Illinois Dept. of Correction
Prisoner Review board
Director J. Baldwin in his
Official Capacity as ~~the~~ Director
Of Illinois Dept. of Corrections

1:17-cv-05280
Judge Gary Feinerman
Magistrate Judge Jeffrey T. Gilbert
PC 5

✓ Complaint under the Civil Right Act, title 42 section 1983
US code (state, county or municiple Defendants

III. List All Lawsuits (and your co plantiffs, IF ANY have Filed In any State or Federal court IN The United States!

None

## IV. Statement of claim

I WAS CONVICTED OF A CLASS 2 Felony Burglary and SENTENCE TO 20 YEARS (CLASS X SENTENCING).. MSR Are BASED ON Class Felony violation and NOT SENTENCING.. SEE ILCS SENTENCING Guide lines.. Judge Klem Champaign sixth district Circuit Cuit Never SENTENCE ME TO MSR ONly TO 20yrs. IDOC.. SEE MITTIMUS SENTENCING Paper May 2005 CLASS 2 Felony Burglary Conviction.

UPON ARRIVING IN I.D.O.C and being discharged 1/15/15 PRISONER REVIEW Board discharged Me with Conditions of 3yrs Mandatory Supervised Released Parole. I.D.O.C/PRISONER REVIEW BOARD TOOK it UPON themselves to Impliment 3yrs MSR when i was convicted OF A class 2 Felony (Class X sentencing) ONLY 2yrs Parole can be given to Me. Again the MSR (PAROLE) are based ON class felony conviction And Not the Sentencing.

ON 2/20/15 TESTED positive for A drug TEST. I was given A verbal warning by My Agent it was documented IN parole Agent Report.. ON JUNE 16, 2016 I I.D.O.C CUSTODY awaiting A parole Hearing for allege Domestic which was dismissed. PRISONER review BOARD Decided Then that the Past 16 months Dosent Count because of the positive Drug TEST that i was giving A verbal WARNING for. Now From 2/20/15 to June 2016 I did'NT have anymore violation, Worked 2 Jobs, and met all Conditions of Parole. I had person to person contact with my Parole agent and No warrants From 2/20/15 to 6/16/2016 Therefore My 16months has to count I.D.O.C/PRB ARE manipulating My Freedom The P.R.B could implimented the Punishment IN reasonable Time but 16months after giving me A verbal warning violates Hearing/Procedures Process 4th-8th-6th-14th Amendment Right.

I should have been discharged as of 1/15/17 but I've been IN I.D.O.C CUSTODY as of 5/27/17 For A parole Hold that should'NT exist Because by law my parole Ended 1/15/17. As of Now 7-6-17 I'm being held illegally by I.D.O.C This Is False Imprisonment, I have made This claim through Grievance and before PRB. IF I was Correctly Giving the 2yrs MSR which stipulated by ILCS Sentencing Guide lines My Parole started 1-15-15 and Ends 1-15-17 thats 2yrs MSR

4

Anything After 1-15-17 Are unethical - cruel and unusual Punishment, False imprisonment. This has caused me great harm, Emotional Stress, Mental Stress, Mental Anguish, Psychologically Pain I'm being Seeing by mental health Specialist. For I.D.O.C callous Act. Director John Baldwin Aproves All decision Names of the P.R.B were withheld from me

V. Relief

I'm asking $200,000 for emotional stress, mental stress, cruel and usual punishment, mental anguish, psycologically pain, pain and suffering, false imprisonment / illegall incarceration, lost job, serving over a 1/2 extra on parole as of July 4, 2017

VI. Plantiff Demand that case be tried by Jury ☑ YES

Certification

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of knowledge, information and belief. I understand this certification is not correct I may be subject to sanctions by the court

Signed 4 day of July, 2017

X _____
   Plantiff Signature

Robert Cavette
Print Name

NRC Stateville
P.o. Box 111
Joliet Ill, 60434
Address

6

Offender NRC/Orientation Information

During your stay at the Stateville Correctional Center – Northern Reception Center (STA-NRC) you will be guided through the Reception Process by Security Staff and expected to accept authority and follow all rules as directed.

As an offender, you have entered into STA-NRC for a variety of reasons, to include:

New Commitment/Return w/Additional Mittimus / Pending Trail / Boot Camp

Parole Violator / with new sentence and/or technical violator and/or pending court case

If you are a parole violator: Parole time stops the day the warrant was issued. It does not continue when you are incarcerated. You will need to be seen by the Prisoner Review Board (PRB) unless you have signed a waiver at your Preliminary Hearing for the board to render their decision w/o you being present. If you do not make the PRB docket at STA, you may be shipped to another facility and be placed on that PRB docket.

Counselors do not schedule the PRB docket. STA docket usually meets the second Wednesday of the month. Regarding time and space availability, you will be scheduled for the PRB and informed by staff. If you have pending court cases, usually, the PRB will schedule your appearance based on the all cases being resolved. Have patience!!

The average stay at NRC is 2-6 weeks. You are not allowed to pick your desired facility. Springfield administrators will determine your appropriate placement. Generally, Placement is based on the level of crime, individual needs and space availability. NRC counselors do no submit you for work release, transfers or supplemental sentence credit. See your Assigned Counselor at your next placement.

Stateville Records Office will calculate your time based on the Mittimus received from your committing county and approved by the judge. If you find any errors in your time calculation, send request to the records office with proof of error for correction. You may need to write to your attorney or committing judge for proof.

Telephone calls can not be made by counselors. You will have access to the Securus Telephone system. Telephone list may be submitted to counselors. Ensure that it is completed correctly, including all requested information and your signature. Intel and Securus will return all incomplete forms. PIN numbers will be issued upon receipt of telephone list and an appropriate account being set up, for payment.

Emergency phone calls to immediate family members may be approved regarding life threatening or death incidents only. Family members are responsible to notify the institution and the information must be verified.

Do Not submit Visiting list unless you are on a writ from another facility or you have been here for at least 60 days.

## What is Sentence Credit?

### General Overview

There are various forms of sentence credits available to offenders, however not all offenders are eligible for each type of credit. The three most common types of credit are Statutory Sentence Credit, Program Sentence Credit, and Supplemental Sentence Credit.

**Statutory Sentence Credit** refers to the percentage of time a determinate-sentenced offender must spend incarcerated. Offenders serve 50%, 75%, 85%, or 100% of their sentence, determined by statute, and based on the offense that was committed. For example, an offender who received a 4 year sentence for burglary would serve 50% of his sentence by statute, or 2 years. Offenders may lose statutory sentence credit based on negative behavior while in custody.

**Program Sentence Credit** refers to time earned by an offender for participation in education, life skills courses, behavioral modification, drug treatment, re-entry planning, or Illinois Correctional Industries programs. Not all offenders are eligible for programming credit; for instance, offenders convicted of violent and Class X crimes are not eligible but may still be able to participate in such programming. Offenders earn one-half day off their sentence for each day of participation in such programs if they successfully complete the programs (Example: if an eligible offender completes a drug treatment program that is 30-days in duration, he may be awarded 15-days off his sentence). Offenders may lose program sentence credit based on bad behavior while in custody.

**Supplemental Sentence Credit ("SSC")** refers to credit of up to 180 days on an offender's incarceration that can be issued as a result of an offender's good conduct. This credit is at the sole discretion of the Director of the Department of Corrections or his designee. Similar to Statutory Sentence Credit and Program Sentence Credit, offenders may lose SSC based on their behavior while in custody.

In response to changes in the law regarding awards of sentence credit, revised administrative rules have been finalized and appear in the Illinois Register. Under the revised rules, review of offenders for an award of SSC is pursuant to 20 Ill. Adm. Code 107.210, "Awarding of Supplemental Sentence Credit."

For an offender to be eligible for an award of SSC, first and foremost, he or she must have served more than 60 days in IDOC custody and be serving a sentence for offenses that are not excluded from an award pursuant to Section 3-6-3(a)(3) of the Code of Corrections (730 ILCS 5/3-6-3(a)(3)). Additionally, some offenders, by the nature of their current commitment offenses, will only be eligible for up to 90 days of SSC pursuant to Section 3-6-3(a)(3) of the Code of Corrections.

There are additional administrative rule requirements that must be met in order for an offender to be eligible for an award of SSC. The offender:

- must not be subject to review under the Sexually Violent Person's Act,
- must not have been found guilty of a 100 level disciplinary offense (violated while in custody) under 20 Ill. Adm. Code 504,
- must not have any pending criminal charges committed during the current incarceration,
- must not have been returned to the Department for a violation of his or her parole or mandatory supervised release during their current incarceration,
- must not have voluntarily quit or have been terminated for disciplinary reasons from a boot camp program,
- if recommended by a court, must have completed substance abuse treatment or been waived from the requirement by the Department, and